Cyrus M. Sanai, SB#150387
SANAIS
433 North Camden Drive
Suite 600
Beverly Hills, California, 90210
Telephone: (310) 717-9840
cyrus@sanaislaw.com

UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT SARGENT, an individual, and J. DOE, an individual,<br><br>     Plaintiffs,<br><br>  vs.<br><br>TANI G. CANTIL-SAKAUYE, in her official capacity as Chairman of the Judicial Council of California and Chief Justice of California, MARTIN HOSHINO, in his official capacity as Administrative Director of the Judicial Council of California, and DOES 1 through 10, inclusive,<br><br>     Defendants. | Case No.: 18-cv-7017<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) RELIEF UNDER 42 U.S.C. §1983;<br>(2) DECLARATORY JUDGMENT<br><br>JURY DEMAND |

-1-

COMPLAINT

Plaintiffs MATT SARGENT and J. DOE ("Plaintiffs") hereby allege as follows:

## JURISDICTION

1.      This Court has jurisdiction pursuant to 28 USC §1331.  Venue is proper in this district and Division because the workplace of all Defendants identified below work is within the Northern District, in the City and County of San Francisco.

## THE PARTIES

2.      Plaintiff, MATT SARGENT ("Sargent"), is in individual residing in Santa Clara County, California. He was adjudicated a vexatious litigant by the Santa Clara Superior Court in 2008.  Within the past two years Sargent has been prohibited from filing lawsuits that he sought to file in California Superior Courts. Sargent was labeled a "vexatious litigant" under California's Vexatious Litigant Statute, Cal. Civ. Proc. Code §§ 391-391.7, solely on the grounds that he had lost five "litigations" in a five-year period.  Plaintiff, J. DOE, is a resident of California who was named a vexatious litigant in an order of a California Court within the last two years.   J. DOE does not wish to disclose Doe's true name at this time for fear of retaliation from the California courts.  If preliminary relief is granted, J. DOE will allow identification of J. DOE's identity at the discovery stage.  J.  DOE was not party to any of the appellate decisions cited herein and was not a party to the actions in which the cited appellate opinions arose.

3.      Defendant, TANI G. CANTIL-SAKAUYE, ("SAKAUYE "), is the Chair of the California Judicial Council.  SAKAUYE is a proper named defendant in her official capacity for this lawsuit.  *See Wolfe v. Strankman,* 392 F.3d 358 (9th

Cir. 2004).  Though not sued in this capacity at this time, SAKAUYE is also a proper named defendant in her individual capacity.

4.      Defendant, MARTIN HOSHINO ("HOSHINO") is the administrative director of the Judicial Council of the State of California.  In this position HOSHINO directs  the preparation and distribution of the vexatious litigant list to state courts in California.  Without his actions, the vexatious litigant statute in California could not be applied.  He is a proper party in this lawsuit in his administrative, official capacity.  *Wolfe v. Strankman,* 392 F.3d 358 (9th Cir. 2004). The names and identities of Does 1-10 are unknown to Plaintiffs at this time.

## INTRODUCTION

5.      California's Vexatious Litigant Statute, Cal. Civ. Proc. Code §§391-391.7 provides that a pro-se party can be named a vexatious litigant if it meets one of four tests.  If any test is met, then the party can have a universal pre-filing order imposed in perpetuity, barring filing of any lawsuits, administrative writ petitions or appeals (other than formal appeals where the party is a defendant).  While the statute survived a facial attack in 2007, in the decision *Wolfe v. George,* 486 F.3d 1120 (9th Cir. 2007), there have been substantial changes in the constitutional law governing pre-filing orders in this Court, in the statute, and the application of the statute by California courts that make its unconstitutionality clear.  In addition, the interaction of the Vexatious Litigant Statute with the California's procedures for requesting disqualification of trial court judges make it disastrously difficult to obtain disqualification of judges who should not hear the case under state or federal law.

6.      The unconstitutionality of California's Statute as it applies to pre-filing orders is clear under the constitutional framework set forth by the Ninth Circuit Court of Appeals decision *Ringgold-Lockhart v. County of Los Angeles,* 761 F.3d 1057 (9th Cir. 2014).    In *Ringgold-Lockhart* the Ninth Circuit affirmed that federal courts have the power under the All Writs Act to create vexatious litigant pre-filing

orders, subject only to considerations of due process.  The *Ringgold-Lockhart* panel then found that it was unconstitutional for a federal court to issue broad pre-filing orders of the kind that are automatically issued in California.  The panel further provided that to impose a pre-filing order requires proof of a pattern of frivolous litigation conduct.  In California, an individual can be automatically deemed a vexatious litigant by filing one lawsuit, filing multiple appeals, winning at least one and winning the lawsuit against a defendant.  California's statute allows people who have never filed a lawsuit in their life, or who file one lawsuit and win, to be labeled vexatious litigants for exercising ordinary appellate rights AS A DEFENDANT, particularly when subjected to adverse state or local government actions.  The statute is facially unconstitutionally under *Ringgold-Lockhart.*

## CALIFORNIA'S VEXATIOUS LITIGANT STATUTE
**All of the Judicial Opinions Finding California's Vexatious Law Constitutional Have Mischaracterized its Scope**

7.     In addressing California's Vexatious Litigant Statute, the first point that must be addressed is that the characterization of how the statute operates in published appellate opinions affirming its constitutionality in the past have been materially wrong.  The Courts which have addressed the statute uniformly state the following:  "Basically, the California statute defines "vexatious litigant" as a pro se litigant who has lost at least five pro se lawsuits in the preceding seven years, sued the same defendants for the same alleged wrongs after losing, repeatedly filed meritless papers or used frivolous tactical devices, or who has already been declared a vexatious litigant for similar reasons."  *Wolfe v. George,* 486 F.3d 1120, 1224 (9th Cir. 2007).  This is not what the statute actually states.

8.     What the statute provides is that a pro se party must have lost five "litigations".  Cal.Code Civ. Proc. § 391(b) ("'Vexatious litigant' means a person who does any of the following: (1) In the immediately preceding seven-year period

-4-

has commenced, prosecuted, or maintained in propria persona at least five litigations….").  A "litigation" in Section 391(a) is defined as follows:  "(a) "Litigation" means any civil action or proceeding, commenced, maintained or pending in any state or federal court."  Cal. Code Civ. Proc. §391(a).   ""Litigation" for purposes of vexatious litigant requirements encompass civil trials and special proceedings, but it is broader than that. It includes proceedings initiated in the Courts of Appeal by notice of appeal or by writ petitions other than habeas corpus or other criminal matters."  *McColm vs. Westwood Park Assn.* (1998), 62 Cal.App.4th 1211, 1219. This means that a party could file a lawsuit against six defendants in California Superior Court, lose in separate motions filed by each defendant, overturn one of the dismissal orders, and then win the lawsuit, and be automatically deemed a vexatious litigant because the party lost five appeals and won one.   However, if all of the dismissal motions were filed simultaneously, the plaintiff would have an appellate victory, and the defendant would not be deemed a vexatious litigant.  At least one California Court of Appeal panel, in an unpublished decision, has labeled this application of the law to be irrational, and created a separate rule for the particular litigant who successfully challenged a vexatious litigant order.  However, everyone else falls under the published case law.

9.     While the California Supreme Court held that a defendant who has been declared a vexatious litigant may file an appeal in spite of a pre-filing order when that pro-se party is defendant, this holding does not stop unsuccessful appeals and writ petitions from being counted as "litigation" losses.  *See John v. Sup. Ct.,* 61 Cal.4th 91, 201 Cal.Rptr.3d 459, 369 P.3d 238 (2016).  Furthermore where a defendant who has previously been declared a vexatious litigant must make a challenge via a statutory or administrative petition for writ of mandamus, a defendant is barred from filing what is in effect the only permitted appeal from an adverse administrative proceeding without advance permission.  *See Ogunsalu v. Sup. Ct.,*  12 Cal.App.5th 107, 113 (2017) ("Here, Ogunsalu is the "plaintiff" because

he commenced litigation (the writ of mandate proceeding) in the superior court. The OAH is the "defendant" because it is the governmental entity against whom Ogunsalu brought the litigation. Under the plain language of the vexatious litigant statutes, the underlying administrative proceeding does not qualify as "litigation."")

**California's Statute Automatically Imposes Maximally Broad Pre-Filing Orders**

10.     The second point is that California has two different penalties to be imposed on vexatious litigants.  After being declared a "vexatious litigant" a pro-se party may suffer two specific litigation debilitations.  The first is a potential evaluation of the merits of a specific "litigation" and imposition of a bonding requirement.  Cal. Code Civ. Proc. §391(a).    The second is blanket pre-filing order that bars the filing of all litigation unless allowed in advance at the pleading stage.

This covers litigation involving fundamental constitutional rights to contract disputes.

**California's Vexatious Litigant Statute and Judicial Disqualification Procedures Ensure that any Pro-Se Litigant Validly Seeking an Impartial Court will Be Labeled a Vexatious Litigant**

11.     The third point is that combined with California's unique procedures for judicial disqualification, California's vexatious litigant statute stands as an insuperable barrier to obtaining judicial disqualifications under California's statutes and under the Fourteenth Amendment.  This is because California's statute requires a party to immediately file a "disqualification statement" upon learning facts that might require disqualification, but only permits admissible evidence to be used in the motion.  This forces litigants to file multiple statements as facts are gathered.

12.     Plaintiffs file this action as a class action.  There are three relevant classes of persons to be represented, with one sub-class.  First, there is the class of

persons who have been determined to be vexatious litigants by a California Court

("Class One").  A list of such persons is at

http://www.courts.ca.gov/documents/vexlit.pdf.  Plaintiffs are members of that

class. Second, there is the class of persons who have been determined to be

vexatious litigants by a federal court in a decision that complies with the

constitutional standards laid down by the Ninth Circuit, but have not had a general

pre-filing order issued in a California court against them  ("Class Two").  The third

class is all individuals subject to the jurisdiction of California courts.  ("Class

Three"), since anyone can be labeled a vexatious litigant by seeking to vindicate or

defend their rights in a California court.  Within each Class is the sub-class of

persons who are indigent can cannot meet bonding requirements.

13.     While Plaintiffs can obtain an order finding that the California

Vexatious Litigant Statute is unconstitutional without having to certify a class, this

will not grant complete relief to persons who have been subjected to a pre-filing

order, i.e. Class One.  In order to have their rights vindicated, each person held to be

a vexatious litigant must have notice of the removal of their status, and the

opportunity to file all "litigations" which they were prohibited from filing or wished

to file but were discouraged from filing due to their vexatious litigant status.  Only a

class action can provide an appropriate remedy for members of Class One.

14.     Plaintiffs are not a member of Class Two, but because their interests

directly align with the interests of Class Two, Plaintiffs can and will fully vindicate

the interest of Class Two members.  The interests of Class Two require immediate

protection, since they are subject to being labeled a vexatious litigant at any time by

a California Court, and thus having a limited federal pre-filing order expanded into a

universal order by operation of the Vexatious Litigant Statute.  The interests of

Class Two are particularly appropriate for protection by interim relief by a

preliminary injunction.

15.     Plaintiffs are members of Class Three.   The interests of Plaintiffs are completely consonant with the interests of individuals who at any time may become labeled "vexatious litigants" by defending themselves or seeking to vindicate their rights in court.  The interests of Class Three are particularly appropriate for protection by interim relief by a preliminary injunction so that more people do not have their right to petition unconstitutionally limited.

16.     Because this is a facial attack on the vexatious litigant statute, the specific facts for any particular member of the class are irrelevant, except for illustrative purposes as to how the Vexatious Litigant Statute is applied in practice. Accordingly this is a nearly perfect example of a case where a class action is appropriate, since the factual and legal issues are identical for any person pursuing a facial claim.  Moreover, there is no issue of any member "losing" a claim or being bound by a judgment that limits his or her rights against anyone in the future.

## FIRST CLAIM

### RELIEF UNDER 42 U.S.C. §1983

(By Plaintiffs as Against Defendants)

17.     Plaintiffs hereby incorporates by this reference paragraphs 1 through 16 as if set forth in full.

18.     In *Ringgold-Lockhart, supra,* the Ninth Circuit Court of Appeals laid out the constitutional limitations on imposition of vexatious litigant pre-filing orders.  In federal court, issuance of vexatious litigant orders is limited only by the due process protections of the United States Constitution.  The Court of Appeals laid out the standards for issuance of pre-filing orders as follows:

> Profligate use of pre-filing orders could infringe this important right, *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057 (9th Cir.2007) (per curiam), as the pre-clearance requirement imposes a substantial burden on the free-access guarantee. "Among all other citizens, [the vexatious litigant] is to be restricted in his right of access to the courts.... We cannot predict what harm might come to him as a

result, and he should not be forced to predict it either. What he does know is that a Sword of Damocles hangs over his hopes for federal access for the foreseeable future." *Moy v. United States,* 906 F.2d 467, 470 (9th Cir.1990).

Out of regard for the constitutional underpinnings of the right to court access, "pre-filing orders should rarely be filed," and only if courts comply with certain procedural and substantive requirements. *De Long,* 912 F.2d at 1147. When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *Id.* at 1147-48.

*Ringgold-Lockhart, supra,* at 1062.

19.     California's Vexatious Litigant Statute  fails the *Ringgold-Lockhart* constitutional requirement (3), which that a vexatious litigant pre-filing order only be imposed where there are "substantive findings of frivolousness or harassment." A party can be found to be a vexatious litigant by California Courts solely by filing non-frivolous actions or appeals and losing them.  More disturbing, in a single action in which a pro-per plaintiff obtains a favorable judgment, the plaintiff can be found to be a vexatious litigant for losing five associated appellate proceedings. This is easily accomplished.  California's procedural rules require much more appellate practice than federal courts for two reasons. First, the final judgment rule in California is on a party-by-party basis.  Thus if a lawsuit with six defendants results in six judgments of dismissal issued separately, there will be six appeals; in a federal case, there will be only one.  Second, many interlocutory orders must be appealed on an interlocutory basis, and are not subject to merger into the final judgment for appellate purposes.  A prime example of this are orders denying a statement of disqualification against a trial court judge.  Cal. Code Civ. Proc. §170.3(d).

20.     An individual can also be found to be a vexatious litigant by filing appeals or petitions for writs of mandamus arising from cases where the party is a defendant.  In *Ogunsalu, supra,* the Court of Appeal held that where a person is a defendant in an administrative proceeding, where the only form of appeal is a petition for writ of mandamus to the Superior Court, the defendant in the writ proceeding is deemed a plaintiff for purposes of a pre-filing order, and thus for purpose of counting "litigations".  By filing and losing five defensive writ petitions to the trial court, which could include, as in Ogunsalu's case, interlocutory petitions, a party can be named a vexatious litigant.  Even worse, the party could be classified as a vexatious litigant even if that party ultimately wins the proceeding at the appellate level, due to the filing of prior unsuccessful petitions, each of which is counted as if it were a separate lawsuit.

21.     California's Vexatious Litigant Statute also fails the *Ringgold-Lockhart* constitutional requirement (4), which is that a court must "tailor the order narrowly so as "to closely fit the specific vice encountered."'". If labeled a vexatious litigant under the Vexatious Litigant Statute, a party has a mandatory pre-filing order imposed as to all litigation filed in state courts, forever (unless formally lifted).  Enforcement of that order is made by the compilation of a vexatious litigant list, compiled and distributed by the California Judicial Council.  The list is updated monthly and can be viewed at   http://www.courts.ca.gov/documents/vexlit.pdf.  All vexatious litigants in California are subject to the broadest possible pre-filing order.  Indeed, one of the grounds for imposition of a vexatious litigant order is that a party has been found to be a vexatious litigant in federal court.  Cal. Code Civ. Proc. §391(b).   Thus any individual who has been determined to be a vexatious litigant in federal court and had a limited pre-filing order entered can be subjected to a universal pre-filing order in California, solely due to the pre-filing order in federal court.  Moreover, conduct in which the federal courts are barred from imposing vexatious litigant lawsuits—losing a combination of five district court actions and

Circuit Court appeals which are not frivolous—will result in a litigant having a pre-filing order imposed in California state court, even if that litigant has never appeared in a state court action.  Thus the California Vexatious Litigant Statute extends the litigation bar arising from conduct in federal court beyond the constitutional limits that federal courts must themselves observed under *Ringgold-Lockhart, supra.*

22.     California's Vexatious Litigant Statute is therefore unconstitutional under *Ringgold-Lockhart, supra.*   However, seven years before *Ringgold-Lockhart,* a different panel of the Ninth Circuit held that it was constitutional.  *Wolfe v. George,* 486 F.3d 1120 (9th Cir. 2007).  The 2007 *Wolfe* opinion is not an obstruction to this lawsuit, for several reasons.  First, and most important, the 2007 *Wolfe* opinion only is authority for the constitutionality of the statute as against arguments made against it at that time, based on the case law in existence at that time, by the litigant who was presenting issues arising from his own litigation conduct.  "Language used in any opinion is of course to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered."  *In re GVF Cannery, Inc. v. Wells Fargo Bank. N.A.,*  202 B.R. 140, 144 fn. 2 (N.D. CA 1996); *see also Miller v. Gammie,* 335 F.3d 889 (9th Cir. 2003 en banc)(district court and three-judge panel not bout by prior prior published ruling of Ninth Circuit where there has been intervening state court or federal appellate authority on the same or a closely related issue). In *Wolfe,* the plaintiff argued that all pre-filing orders are unconstitutional.  That is not a valid argument.  Ninth Circuit case law makes clear that vexatious litigant pre-filing orders can be constitutional, as long as they meet the four *Rinngold-Lockhart* requirements.  *Rinngold-Lockhart* did not exist in 2007, so the development of the law on this issue could not be relied upon by Wolfe.  Likewise, Wolfe, a non-attorney, never argued that California pre-filing orders were overbroad due to their one-size-fits-all nature, to take a second example.   The arguments about the overbreadth is based on the new law of *Ringgold-Lockhart, supra.*  Third, the 2007

COMPLAINT

*Wolfe* panel was manifestly operating on the misunderstanding that a party could be labeled a vexatious litigant if "a pro se litigant who has lost at least five pro se **lawsuits** in the preceding seven years". *Wolfe v. George,* 486 F.3d 1120, 1124 (9th Cir. 2007)(bold emphasis added).  That's simply not true.  A party can be labeled a vexatious litigant for filing one lawsuit and winning it against one of several defendants, or for filing multiple writ petitions arising from administrative proceedings brought against the individual. The *Wolfe* panel's view of how the statute operated is not consistent with the reality.  Fourth, the *Wolfe* opinion never addressed the question of whether any of the four grounds for finding a person to be a vexatious litigant were unconstitutional, and could not reach that question, because the appellant Wolfe was, at the time the proceeding was before this Court, not a vexatious litigant subject to a pre-filing order and not a class representative.

23.     Fifth, the 2007 *Wolfe* panel, citing *McColm, supra,* found that "Under the California statute, a vexatious litigant may file potentially meritorious claims not intended solely to harass or delay, so the courthouse doors are not closed to him." However, the 2007 *Wolfe* panel failed to address the question, not raised in *Wolfe,* as to whether it was possible, in reality, for a trial court judge or a presiding judge of an appellate court to determine, consistent with due process, that a complaint or appeal is "meritorious" at the pleading or notice of appeal stage, or before a writ petition is filed.  The panel in *Ringgold-Lockhart* held that it is unconstitutional to require a party at the pleading or notice of appeal stage to demonstrate the complaint or appeal's "meritorious" nature:

> By providing that the court will not allow a new action to be initiated unless the court deems the action "meritorious," the district court added a screening criteria that is not narrowly tailored to the problem before it, **and is in fact unworkable**. It is one thing for courts at an early stage of litigation to filter out frivolous suits. Courts routinely perform this task, as the Rules of Civil Procedure prohibit frivolous filings. See Fed.R.Civ.P. 11(b). But courts cannot properly say whether a suit is "meritorious" from pleadings alone. A lawsuit

need not be meritorious to proceed past the motion-to-dismiss stage; to the contrary, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks omitted). **And even as to the propriety of a Rule 12(b)(6) dismissal, whether a case merits dismissal for failure to state a claim is often determinable only after briefing and argument; it is often not a decision accurately to be made at a pre-filing stage.** Because this pre-filing order requires that only "meritorious" cases survive the court's screening, the order is not narrowly tailored to address the concern that the Ringgolds will continue to pursue frivolous litigation.

*Ringgold-Lockhart, supra,* at 1066 (bold emphasis added).

24.     California's statute requires a party subject to a pre-filing order to do what *Ringgold-Lockhart* states is unworkable:  demonstrate at the pleading or pre-filing stage that the complaint, writ petition, or appeal is "meritorious."  *See* Code Civ. Proc. §391(b) ("The presiding justice or presiding judge shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay.").   The 2007 *Wolfe* court's analysis, in one sentence, is that "Under the California statute, a vexatious litigant may file potentially meritorious claims not intended solely to harass or delay, so the courthouse doors are not closed to him."  *Wolfe v. George,* 486 F.3d 1120, 1125 (9th Cir. 2007).   Nowhere did the *Wolfe* court analyze, as the *Ringgold-Lockhart* court did, the issue of whether it is actually workable for a court to make that determination that a pleading or notice of appeal is "meritorious" at the pleading or notice of appeal stage.  The reason this was never addressed is, apparently, because it was never argued by Wolfe.  Accordingly, the opinion *Wolfe* is not a defense against this defect in California's Vexatious Litigant Statute.

25.     California's vexatious litigant statute is therefore unconstitutional under *Ringgold-Lockhart, supra.*  But California's Vexatious Litigant Statute has defects independent of anything addressed in *Wolfe, supra,* or *Ringgold-Lockhart, supra.*

26.     California's pre-filing orders require that a vexatious litigant prove both an objective matter, that the lawsuit, petition, or appeal is "meritorious", and, in addition, that the lawsuit, petition or appeal is "not for purposes of harassment or delay." This means that a vexatious litigant can be denied the opportunity to file an objectively meritorious lawsuit, petition, or appeal if the judge or justice thinks that the motivation of the party is "for purposes of…. delay."  This is flatly unconstitutional, even under the *Wolfe* analysis.  While a party does not have a right to burden the courts with frivolous litigation, a party does have the constitutional right to pursue meritorious litigation if the motivation is to delay some action, particularly where the defendant is a government entity.   The only legitimate reason to impose a pre-filing order is where there has been an established pattern of objectively baseless litigation.  *Ringgold-Lockhart, supra.* This issue was not considered by the *Wolfe* panel, presumably because it was not raised by appellant Wolfe.

27.     As the Court of Appeal pointed out in *Ogunsalu, supra,* when an individual is subjected to an administrative hearing in California (which arises particularly in the areas of public employment and non-attorney licensing), the method for challenging the outcome of the administrative hearing is a petition for administrative mandamus.  *Id.* at 110.  But Ogunsalu could not obtain any judicial review without first showing that his petition is meritorious.  It is not, as pointed out in *Ringgold-Lockhart,* possible to do this.  The constitutional right to due process requires the opportunity to challenge an adjudicative decision of the state or local government administrative tribunals on an independent basis.  *Ohio Valley Water Co v Ben Avon Borough*, 253 US 287 (1920).  Equal protection requires that private parties have the same procedural rights as each other, or when opposing the

government, the same or better rights and protections.  Ogunsalu, and all other individuals who have been declared vexatious litigants, are therefore denied a **right** of effective judicial review, which is a mandatory requirement for a government to deprive a person of a property interest.  Moreover, any individual, while defending against an administrative hearing, can be declared a vexatious litigant for filing unsuccessful but not frivolous interlocutory writ petitions, even if that individual wins the proceeding at the end.

28.     Combined with California's unique procedures for judicial disqualification, California's vexatious litigant statute stands as an insuperable barrier to obtaining judicial disqualifications under California's statutes and under the Fourteenth Amendment.  This is because California requires all disqualification attempts to be made by a disqualification statement using a unique state law procedure.  Cal.  Code Civ. Proc. §§170.3-4.  But this procedure, which applies only to trial court judges, does not allow a litigant to disqualify more than one trial court judge at a time (this principle is not set forth in any law but rather in a memorandum of law first drafted in the Los Angeles County Superior Court which was distributed and adopted by the Judicial Council).   Each disqualification statement must, by statute, be made immediately (i.e. within 10 days) upon learning facts requiring disqualification, even if there is no admissible evidence collected for presentation to the Court.  However, if the judge does not choose to disqualify and the evidence is not admissible under California's Evidence Code, the statement will be stricken by the judge.  California requires that any such order striking a statement be the subject of an immediately petition for writ of mandamus, which is a final determination of that question under the facts presented.  If the petition is not filed, then issue is waived.

29.     As a result of the various statutes and rules set up by California, it is nearly impossible to disqualify a trial court judge with just one disqualification statement unless a complete package of admissible evidence requiring

disqualification falls into a litigant's lap.  Instead, multiple statements must be filed seriatim until the amount of admissible evidence reaches the quantum acceptable to the trial court or the Court of Appeal.  But for a pro se party, even a defendant, each petition for writ of mandamus is counted for purposes of determining that the party is a vexatious litigant.

30.    While California's statutory law allows a party to take depositions of judicial officers to obtain information relevant to disqualification under the Evidence Code, the Courts of Appeal, by a series of unpublished decisions, have made such investigations impossible.  This is because if one has grounds to take depositions of a judge or third party regarding judicial disqualification, one is obliged to make the disqualification statement first.  However, if the statement is rejected, the Courts of Appeal then hold that the issue has been decided against the party demanding disqualification, and every such attempt counts as a vexatious litigant strike.

31.    In California, all appellate courts and some trial courts operate on a collaborative basis, even where an order may be signed by a single judge or justice. Where judges are collaborating on a single action, it is impossible for litigants without lawyers to obtain disqualifications of multiple judges in a trial court under *Williams v. Pennsylvania* ____ U.S. ___, 136 S.Ct. 1899, 195 L.Ed.2d 132 (2016). Indeed, the California appellate courts refuse to acknowledge the application of *Williams,* or order disqualification of judges who have been clearly disqualified under the Fourteenth Amendment.

32.    Plaintiffs request injunctive relief for themselves and the class as follows:

> A.    An injunction barring enforcement of California's Vexatious Litigant Statute by the Defendants.
>
> B.    An order barring prohibiting the Defendants from preparing, distributing or otherwise effecting the vexatious litigant list.

C.   An injunction requiring defendants, in their administrative capacity, to inform the members of Class One of the declaratory judgment entered in this case, and their rights to reopen cases, appeals and petitions dismissed due to their status as vexatious litigants.

33.   Plaintiffs request declaratory relief for themselves and the class as follows:

A.   California's Vexatious Litigant Statute is facially unconstitutional under the Fourteenth Amendment.

B.   No California Court may enter a pre-filing order, vexatious litigant order, or similar relief unless the state court:

(1) gives litigants notice and an opportunity to oppose the order before it is entered;

(2) compiles an adequate record for review, including a listing of all the cases and motions that led the court to conclude that a vexatious litigant order was needed;

(3) makes substantive findings of frivolousness as to every case and motion which the court believes supports the finding; and

(4) tailors the order narrowly so as to closely fit the specific vice encountered.

C.   If a trial court refuses to accept facts in a disqualification statement or motion because the facts asserted are not supported by admissible evidence, the court shall allow such discovery as would demonstrate that the facts asserted exist or assume the truth of such facts in determining the legal sufficiency of the statement.

D.   In any trial court in which an action is assigned to more than one department or judge, or any judge's views are sought by a judge

assigned, then for purposes of disqualification, if any judge collaborated with would be subject to disqualification, all such judges are disqualified and the rulings made by any such judge be vacated.  A litigant shall be entitled to full view of court filings when raising the issue of collaborative trial courts.

E.   If any judge has been disqualified for cause in a California Court, such judge must remain disqualified unless the disqualification arose under state law which no longer applies.

F.   All vexatious litigant orders entered by the California State Courts prior to the date of he declaratory judgment are unconstitutional, and the time for filing any appeal or writ petitions are tolled until actual notice of the judgment is given to a person adjudicated a vexatious litigant, and all statute of limitations for lawsuits are likewise tolled.  All lawsuits, appeals and petitions dismissed under the Vexatious Litigant Law are reinstated.

## SECOND CLAIM

## DECLARATORY JUDGMENT

(By Plaintiffs as Against Defendants)

34.   Plaintiffs hereby incorporate by this reference paragraphs 1 through 16 and 18 through 30 as if set forth in full.

35.   A declaratory judgment is a prerequisite to obtaining injunctive relief against state court judges where such a judgment can be obtained at first.  42 U.S.C. §1983.  Accordingly Plaintiffs seek such a declaratory judgment to the extent it is a prerequisite to injunctive relief against any judge who refuses to recognize the validity of any judgment entered in this action.

36.   A party may request a declaratory judgment as to state law claims under a district's court's supplemental jurisdiction.  The vexatious litigant statute

violates California's constitution as to appellate review because it allows a single justice to determine the merits of an appeal. This argument was put forward in *In re R.H.* 170 Cal.App.4th 678 (2009)  (overruled on different grounds, *John, supra, at* 99.

37.   In *R.H., supra,* the appellant argued to the Court of Appeal as follows:

> First, R.H. cites article VI, section 3 of the California Constitution, which states in part: "The Legislature shall divide the State into districts each containing a court of appeal with one or more divisions. Each division consists of a presiding justice and 2 or more associate justices. It has the power of a court of appeal and shall conduct itself as a 3-judge court. Concurrence of 2 judges present at the argument is necessary for a judgment." (Italics added.)
>       Second, R.H. cites article VI, section 14 of the California Constitution, which states in part: "Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated."

*R.H. supra,*  at 701.

38.   The arguments made by  R.H. to the Court of Appeal were correct as to dismissal where a party has been required to post a bond.  Where a presiding justice denies permission for an appeal by a vexatious litigant to proceed, the presiding justice "determines causes" and this constitutes a "judgment" on the appeal. The *R.H.* Court did not agree with this obvious point. It held that "by section 391.7's own terms, the presiding justice in determining whether to permit the appeal to proceed does not pass on its merits. The presiding justice merely determines if there is an issue to review on appeal."  This contention is inconsistent with California Supreme Court authority, and is belied by subsequent amendments to the Vexatious Litigant Statute enacted by the California Legislature.

39.   The California Supreme Court acknowledged in *Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal. 4th 780 that a trial court making a determination as to whether security should be provided is making a determination on the merits.  Second, Code Civ. Proc. §391.3(b), passed by the Legislature after

*RH* was decided,  now provides that "[i]f If, after hearing evidence on the motion, the court determines that the litigation has no merit and has been filed for the purposes of harassment or delay, the court shall order the litigation dismissed."  This provision applies the Court of Appeal.  It is now clear that under the Vexatious Litigant Statute, a presiding judge determines the merits of a lawsuit from either a pleading or motion. This violates the California Constitution.

40.    In *Moran,* the California Supreme Court held that a litigant of "modest means" but who is not an indigent had no claim as to the imposition of a bonding requirement writing that "[I]f plaintiffs argument in this respect were accepted then any statute which required the payment of a fee or the furnishing of security as a prerequisite to the filing of a complaint, the issuance or levying of a writ, the procurement of a record on appeal, etc., would be unconstitutional." (*Beyerbach, supra,* 42 Cal.2d at p. 20, 265 P.2d 1.)"  *Moran, supra,* 55 Cal. Rptr. at 116. However, this year the California Supreme Court addressed the *Bruyerbach* question of the validity of requiring fees for "procurement of a record on appeal" by indigent litigants under California public policy, and held that such fees "creates the type of restriction of meaningful access to the civil judicial process that the relevant California in forma pauperis precedents and legislative policy render impermissible." *Jameson v. Desta,* 5 Cal. 5th 594, 599 (2018).   The bonding requirements that can be imposed under the Vexatious Litigant Statute are flatly illegal under California state law as to indigent litigants, particularly as to the filing of appeals and petitions for writs of mandamus when the litigant is involved in litigation against the state or local governments.

41.    Plaintiff Sargent is disabled and has qualified as an indigent litigant under California's standards at certain times in the past when subjected to the vexatious litigant order, and likely would qualify now.

42.    The Plaintiffs request a declaratory judgment which declares the following:

    A.    California's Vexatious Litigant Statute is facially unconstitutional under the Fourteenth Amendment.

    B.    No California Court may enter a pre-filing order, vexatious litigant order, or similar relief unless the state court:

        (1) gives litigants notice and an opportunity to oppose the order before it is entered;

        (2) compiles an adequate record for review, including a listing of all the cases and motions that led the court to conclude that a vexatious litigant order was needed;

        (3) makes substantive findings of frivolousness as to every case and motion which the court believes supports the finding; and

        (4) tailors the order narrowly so as to closely fit the specific vice encountered.

    C.    If a trial court refuses to accept facts in a disqualification statement or motion because the facts asserted are not supported by admissible evidence, the court shall allow such discovery as would demonstrate that the facts asserted exist or assume the truth of such facts in determining the legal sufficiency of the statement.

    D.    In any trial court in which an action is assigned to more than one department or judge, or any judge's views are sought by a judge assigned, then for purposes of disqualification, if any judge collaborated with would be subject to disqualification, all such judges are disqualified and the rulings made by any such judge be vacated.  A litigant shall be entitled to full view of court filings when raising the issue of collaborative trial courts.

COMPLAINT

E. If any judge has been disqualified for cause in a California Court, such judge must remain disqualified unless the disqualification arose under state law which no longer applies.

F. All vexatious litigant orders entered by the California State Courts prior to the date of he declaratory judgment are unconstitutional, and the time for filing any appeal or writ petitions are tolled until actual notice of the judgment is given to a person adjudicated a vexatious litigant, and all statute of limitations for lawsuits are likewise tolled.  All lawsuits, appeals and petitions dismissed under the Vexatious Litigant Law are reinstated.

G. The Vexatious Litigant Statute violates the California Constitution, because it permits a single Justice to determine the merits of an appeal or writ petition.

H. The Vexatious Litigant Statute violates California public policy as to the imposition of security by indigent litigants, and violates the federal and state constitutions when applied in favor of governmental entities.

**WHEREFORE,** Plaintiffs respectfully demand the following relief on behalf of themselves and on a representative basis on behalf of the above-described classes:

<u>On the First Claim</u>

1. A temporary restraining order, preliminary injunction and permanent injunction as prayed;

2. a declaratory judgment as described above;

3. Reasonable costs incurred in this action;

4.      Attorneys fees; and

5.      Such other relief as may be available under 42 U.S.C. §1983;

On the Second Claim

1.      A declaratory judgment as described above;

2.      Reasonable costs incurred in this action; and

3.      Such other relief as may be available under the Declaratory Judgment Act.

Dated:        November 19, 2018

SANAIS

By:  _/s/_ CYRUS SANAI_____

COMPLAINT