UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT SARGENT,<br><br>        Plaintiff,<br><br>    v.<br><br>TANI G. CANTIL-SAKAUYE, et al.,<br><br>        Defendants. | Case No. 18-cv-07017-VC<br><br>**ORDER RE MOTION TO DISMISS, MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 23, 26, 32 |

        The defendants' motion to dismiss is granted. Sargent's claims are dismissed with prejudice. Sargent's motion for a preliminary injunction is denied.

        1. Sargent's facial constitutional challenge to California's vexatious litigant statutes is foreclosed by precedent. *See Wolfe v. George*, 486 F.3d 1120 (9th Cir. 2008); Cal. Code Civ. Proc. §§ 391-391.8. Sargent argues that the Ninth Circuit's decision in *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057 (9th Cir. 2014) calls *Wolfe* into question. But *Ringgold-Lockhart* concerns a federal court's authority under the All Writs Act to establish pre-filing restrictions against vexatious litigants. *Id.* at 1061. And in that case, the Ninth Circuit expressly declined to consider the California statutes and did not otherwise disturb *Wolfe*. *See id.* at 1016 n.1. Therefore, while there is admittedly some tension between the two decisions, *Wolfe* remains binding on this Court in a challenge to the California statutes. Sargent makes an argument that the statutes are capable of being applied and have been applied in an unconstitutional manner, but he has made clear that he does not bring an as-applied challenge here.

        Sargent's requests for declaratory relief are also dismissed. Sargent's request for a declaration that the California statutes violate the federal constitution is dismissed because it is duplicative of his claims under 42 U.S.C. § 1983. His request for a declaration that the statutes

violate the California constitution is dismissed on the merits because it is foreclosed by precedent. Sargent's arguments were rejected by a California appellate court in *In re R.H.*, 170 Cal. App. 4th 678 (2008) and there is no reason to believe that the California Supreme Court would come to a different conclusion. *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007) (noting that a federal court "must follow [a] state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it").

2. Sargent's request for leave to amend (Dkt. No. 32) is denied. Because Sargent's proposed new claims are also foreclosed by precedent, amendment would be futile. *Carolina Cas. Ins. Co. v. Team Equip. Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014). In addition, Sargent's proposed amended complaint does not state new facts, but only adds new legal theories, and Sargent does not explain why he did not develop those contentions initially. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

3. The motion for a preliminary injunction is denied. Sargent has not shown a likelihood of success on the merits or the existence of serious questions on the merits. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

**IT IS SO ORDERED.**


Dated: February 6, 2019

VINCE CHHABRIA
United States District Judge